OPINION
Plaintiff Karen Ogrodowski appeals the order of the Marion County Court of Common Pleas granting summary judgment to defendant Health Home Care Concepts, Inc. Plaintiff is the daughter and administrator of the estate of Ethel Noland, and defendant Home and Health Care Concepts, Inc. is a "home care" service that had been retained to provide services to Ms. Noland. These services primarily involved "socialization," meaning that the home care worker assigned to Ms. Noland would act as a companion to her and take Ms. Noland to the store, out to dinner, and to various other places at Ms. Noland's request. However, defendant Home and Health Care Concepts, Inc. was only obligated to provide such services for five hours per week.
In January of 1997, Barbara Lemaster was assigned by defendant to begin working with Ms. Noland, and on June 17, 1997, defendant had scheduled Ms. Lemaster to "socialize" with Ms. Noland between the hours of 4 P.M. to 6 P.M. In accordance with this arrangement, Ms. Lemaster picked Ms. Noland up at 4 P.M. and took her to a baseball game. However, Lemaster and Noland had become friends over the preceding months, and in fact intended to spend that entire evening together. Following the game, Lemaster and Noland planned to stop by the home of Lemaster's daughter, and then intended to visit the gravesite of Noland's daughter. However, around 6:48 P.M., shortly after leaving the baseball game and on the way to Lemaster's daughter's home, Lemaster was involved in a motor vehicle accident with Kristen R. Zeller. Noland, who was a passenger in Lemaster's vehicle, was seriously injured.
On November 3, 1997, Ms. Noland filed a complaint in this action, alleging negligence by both Barbara Lemaster and Kristen Zeller, and also that defendant Home and Health Care Concepts, Inc. was liable for Lemaster's negligence under the doctrine of respondeat superior. Ms. Noland further alleged that defendant was liable for the negligent hiring and retention of Lemaster. After Ms. Noland's death on November 16, 1997, the complaint was amended to include claims of survivorship and wrongful death and to substitute Ms. Noland's daughter Karen Ogrodowksi as plaintiff.
Ms. Lemaster and Ms. Zeller were subsequently dismissed as defendants, and the lawsuit proceeded against defendant Health and Home Care Concepts, Inc. only, on the theory that Ms. Lemaster was acting within the scope of her employment at the time the accident occurred. On January 20, 1999, defendant filed a motion for summary judgment, alleging that Ms. Lemaster's actions were outside the scope of her employment as a matter of law. Defendant's motion also argued that plaintiff had failed to present any evidence of negligent hiring or retention. On July 29, 1999, the trial court granted defendant's motion for summary judgment on all claims. Plaintiff now appeals, and asserts a single assignment of error with the trial court's judgment.
 The trial court erred in granting summary judgment to defendant-appellee Health Home Care Concepts, Inc., because whether an employee is acting within the scope of his or her employment is generally a question of fact to be determined by the trier of fact.
Appellate courts review summary judgment determinations de novo and do not grant deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as the trial court. Midwest Specialties, Inc. v. Firestone Tire 
Rubber Co. (1988), 42 Ohio App.3d 6, 8.
 [Summary judgment is proper] when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party.
Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87.
Furthermore, in Dresher v. Burt (1996), 75 Ohio St.3d 280,293, the Ohio Supreme Court held that parties seeking summary judgment must "specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." If the moving party satisfies that burden, the party opposing summary judgment must "set forth specific facts showing that there is a genuine issue for trial," and summary judgment is proper if the party opposing judgment fails to set forth such facts. Id., citing Civ.R. 56(E).
As an initial matter, we note that plaintiff has not argued that the trial court's decision to grant summary judgment on the negligent hiring and retention claim was erroneous. We also observe that plaintiff's memorandum contra defendant's motion for summary judgment failed to "set forth specific facts showing that there is a genuine issue for trial" on that cause of action. Id. Under Dresher, plaintiff's failure to satisfy this reciprocal burden is sufficient to justify a grant of summary judgment as to the negligent hiring and retention claim. See id. Moreover, our own review of the record on appeal reveal no facts which could conceivably support a recovery by the plaintiff on that claim. Accordingly, the trial court's decision to grant summary judgment on that cause of action was proper.
Plaintiff's other theories of defendant's liability rest on the argument that defendant is liable for the alleged negligence of its employee Barbara Lemaster under the doctrine of respondeat superior. Generally, "in order for an employer to be liable under the doctrine of respondeat superior, the tort of the employee must be committed within the scope of employment." Byrd v. Faber (1991), 57 Ohio St.3d 56, 58. Moreover, "[c]onduct is within the scope of employment if it is initiated, in part, to further or promote the master's business." Martin v. Cent. Ohio Transit Auth. (1990), 70 Ohio App.3d 83, 92; accord Mumford v. Interplast, Inc. (1997), 119 Ohio App.3d 724, 734. However, whether an employee is acting within the scope of his employment is generally a question of fact to be decided by the jury. See Osborne v. Lyles (1992), 63 Ohio St.3d 326, 330, citing Posin v. A.B.C. Motor Court Hotel (1976), 45 Ohio St.2d 271. Only when reasonable minds can come to but one conclusion does the issue regarding scope of employment become a question of law. See Osborne, 63 Ohio St.3d at 330.
Here, defendant argues that Ms. Lemaster was acting outside the scope of her employment as a matter of law at the time of the accident, thus precluding liability under respondeat superior. In support of its' contention, defendant notes that Ms. Lemaster admitted that she was "off-the-clock" at the time of the accident, that Ms. Lemaster was not taking Ms. Noland home, and that Ms. Lemaster and Ms. Noland were friends who had planned to spend the evening together. Further, defendant argues that Ms. Lemaster was not subject to the control of defendant at the time of the accident, and also claims that because Ms. Lemaster's activity conferred no "specific benefit" on defendant, that defendant cannot be held liable for that activity.
Citing Fabor v. Metalweld, Inc. (1992), 89 Ohio App.3d 794,798, defendant argues that it cannot be held liable under respondeat superior for Ms. Lemaster's negligent operation of the automobile. The Fabor court held that respondeat superior did not extend liability to an employer for an auto accident that occurred on the employer's property but while the employee was driving to work. Defendant contends that Fabor requires that an employee's operation of a motor vehicle must in some way benefit the employer in order for respondeat superior to lie.
However, we believe that defendant has misconstrued Fabor. We note that the Fabor court relied primarily on the Ohio Supreme Court's earlier decision in Boch v. New York Life Ins. Co. (1964),175 Ohio St. 458, which held in part:
 As a matter of law, a master is not liable for the negligence of his servant while driving to work at a fixed place of employment, where such driving involves no special benefit to the master other than the making of the servant's services available to the master at the place where they are needed.
Id., paragraph two of the syllabus (emphasis added). Defendant essentially argues that we should extend the syllabus rule of Boch to cover this case, where the servant was not driving to her workplace, where driving was an expected and required part of the servant's job, and, most importantly, where the servant's workplace was not "fixed." Given the significant factual differences between this case and the situation addressed by both Boch and Fabor, the rule announced in those cases would not be appropriate here. Rather, the relevant question in this case is whether Ms. Lemaster's conduct was "initiated, in part, to further or promote the master's business." Martin v. Cent. Ohio Trans. Auth., 70 Ohio App.3d at 92 (emphasis added).
Here, Ms. Lemaster was scheduled by defendant to "socialize" Ms. Noland between the hours of 4 P.M. to 6 P.M., and that she continued to "socialize" Ms. Noland after the scheduled time had expired. It is similarly undisputed that Ms. Lemaster was expected to drive Ms. Noland to various locations as part of her "socialization." The record does not indicate and the defendant does not contend that the activities Ms. Lemaster and Ms. Noland had planned for the evening are not the type of "socialization" for which Ms. Lemaster was employed by the defendant. Moreover, defendant has not claimed that Ms. Lemaster's continued "socialization" of Ms. Noland was prohibited by either defendant's employment policies or its service agreement with Ms. Noland's family. Finally, defendant has not disputed the plaintiff's contention that Ms. Lemaster's employment responsibilities may have included returning Ms. Noland home safely.
Based on the foregoing, we believe that defendant has failed to demonstrate that Ms. Lemaster's actions were outside the scope of her employment as a matter of law. Cf. Osborne v. Lyles,63 Ohio St. 3d at 330. Moreover, indulging all reasonable inferences in favor of the plaintiff, the record demonstrates a genuine dispute of material fact as to the scope of Ms. Lemaster's employment appropriate for resolution by a jury. Cf. id. For these reasons, and to this extent only plaintiff's sole assigned error is sustained. The judgment of the Marion County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT, P.J., and HADLEY, J., concur.