DECISION
{¶ 1} Appellant, James R. Preston, appeals from a judgment of the Franklin County Court of Common Pleas, that granted a motion for summary judgment in favor of appellee, Pennsylvania General Insurance Company, and sets forth the following assignments of error:
I. The trial court erred in granting defendant-appellee's motion for summary judgment.
II. The trial court erred in denying plaintiff-appellant's motion for summary judgment.
 {¶ 2} Appellee has also set forth the following cross-assignments of error:
I. The trial court did not error in granting PGIC's motion for summary judgment because plaintiff breached the notice and subrogation provisions of the policy to the prejudice of PGIC.
II. The trial court did not error in granting PGIC's motion for summary judgment because plaintiff is not legally entitled to recover damages from an underinsured tortfeasor.
III. The trial court did not error in granting PGIC's motion for summary judgment because the vehicle plaintiff occupied at the time of the accident was not an" uninsured motor vehicle" as the vehicle was "available for your [plaintiff's] regular use".
 {¶ 3} In January 2000, appellant was injured in a car accident that occurred while he was being driven to work by his now former wife, Tammy Cox, in a car owned by her. Ms. Cox apparently lost control of the vehicle, struck the center divider of the highway and collided with another vehicle. Ms. Cox was insured by State Farm Insurance Company, who tendered appellant its policy limits of $50,000.
 {¶ 4} At the time of the accident, appellant was employed by Miller Romanoff Electric, Inc. Miller Romanoff had a business auto policy issued by appellee that provided uninsured/underinsured motorist coverage in the amount of $1 million. The named insured was Miller Romanoff Electric, Inc. The trial court concluded that, because neither appellant nor Miller Romanoff owned the vehicle, recovery was barred based on the owned auto exclusion.
 {¶ 5} Subsequent to the trial court's decision, the Ohio Supreme Court decided Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. The court, in Westfield, held, at paragraph two of the syllabus:
2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v.Nationwide Ins. Co. [1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied;Scott-Pontzer v. Liberty Mut. Fire Ins. Co. [1999], 85 Ohio St.3d 660,710 N.E.2d 1116, limited.)
 {¶ 6} In Boch v. New York Life Ins. Co. (1964), 175 Ohio St. 458, the Ohio Supreme Court held, at paragraph two of the syllabus:
As a matter of law, a master is not liable for the negligence of his servant while driving to work at a fixed place of employment, where such driving involves no special benefit to the master other than the making of the servant's services available to the master at the place where they are needed.
 {¶ 7} Although appellant had little recollection of the accident, Ms. Cox testified in her deposition, at 41:
Q. Okay. Just a couple things that I missed about the accident that I wanted to go back and ask you about. Do you remember why you were driving him to work?
A. Because his mother asked me to drive him back because of the way she worked and he wasn't driving at the time or didn't have a vehicle.
 {¶ 8} Because there is no evidence appellant was in the course and scope of his employment at the time of the accident, and there is no language in the policy to the contrary, he was not entitled to uninsured/underinsured motorist coverage. Therefore, appellant's assignments of error are overruled, albeit for reasons other than those stated by the trial court. Given our disposition of appellant's assignments of error, appellee's cross-assignments of error are overruled as moot. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and KLATT, JJ., concur.