JOURNAL ENTRY and OPINION
{¶ 1} Appellant Roslind Kelly Whitman appeals from the trial court's judgment denying her motion for summary judgment and granting the motion for summary judgment of Travelers Insurance Company ("Travelers"). Whitman assigns the following errors for our review:
 {¶ 2} "I. The trial court erred in granting Appellee Travelers Insurance Company's motion for summary judgment and by denying appellant's motion for summary judgment by finding that appellant is not entitled to UM/UIM coverage because she was not occupying a `covered auto' at the time of the accident."
 {¶ 3} "II. The trial court erred in granting Appellee Travelers Insurance Company's motion for summary judgment and by denying appellant's motion for summary judgment by finding that appellant is not entitled to UM/UIM coverage under the Travelers' CGL policy, finding such coverage to be incidental."
 {¶ 4} Having reviewed the record and pertinent law, we affirm the judgment of the trial court. The apposite facts follow.
 {¶ 5} On April 25, 1994, Whitman was walking along Camp Industrial Road located in Solon, Ohio, on her way to work at American Consumer Products, when she was struck from behind by a vehicle operated by John Babiak. As a result of the collision with the vehicle, Whitman sustained multiple injuries. Babiak was insured by State Farm Mutual Automobile Insurance Company under a policy with a liability limit of $25,000, which was tendered to Whitman.
 {¶ 6} On the date of the accident, Whitman's employer, American Consumer Products, was insured by Travelers under a Business Auto Policy, which included uninsured/underinsured motorist coverage in the amount of $1,000,000. American Consumer Products was also insured by Travelers under a Commercial General Liability Policy with limits of $1,000,000. Whitman attempted to obtain coverage under both of these policies. Travelers denied her claims for coverage.
 {¶ 7} Whitman thereafter filed a complaint for declaratory judgment against Travelers claiming she was entitled to coverage under the Business Auto Policy and the Commercial General Liability Policy. Both parties filed motions for summary judgment. The trial court granted summary judgment in favor of Travelers and denied Whitman's motion for summary judgment.
 {¶ 8} In her first assigned error, Whitman argues the trial court erred by granting summary judgment in favor of Travelers because she was entitled to coverage under the UM/UIM provision of American Consumer Product's Business Auto Policy issued by Travelers. She claims the definition of "Who is an Insured" under the UM/UIM Endorsement, is identical to the definition set forth in the policy in the Ohio Supreme Court case, Scott-Pontzer v. Liberty Mutual Fire Ins. Co.[1]
 {¶ 9} We consider an appeal from summary judgment under a de novo standard of review.[2] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[3] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party.[4]
 {¶ 10} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[5] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will only be appropriate if the non-movant fails to establish the existence of a genuine issue of material fact.
 {¶ 11} We agree with Whitman that the definition of "Who is an Insured" under the UM/UIM endorsement is identical to the language inScott-Pontzer. However, while the instant case was pending on appeal, the Ohio Supreme Court decided Westfield v. Galatis.[6] In Galatis, the Ohio Supreme Court limited the holding in Scott-Pontzer to situations where the employee is injured while within the course and scope of employment. The Court held as follows:
 {¶ 12} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."[7]
 {¶ 13} Therefore, for Whitman to qualify for coverage under this policy, her injury must have occurred while she was within the course and scope of her employment. A review of Whitman's deposition testimony attached to Travelers' motion for summary judgment indicates Whitman was struck as she was walking to work.
 {¶ 14} In construing the phrase, "within the course and scope of employment," for purposes of recovery under workers' compensation, the Ohio Supreme Court has held that travel to and from work does not constitute conduct within the course and scope of employment:
 {¶ 15} "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist."[8]
 {¶ 16} We conclude the same logic applies to business automobile insurance policies. As the Court in Galatis held:
 {¶ 17} "The general intent of a motor vehicle insurance policy issued to a corporation is to insure the corporation as a legal entity against liability arising from the use of motor vehicles. King v.Nationwide Ins. Co., 35 Ohio St.3d at 211, 519 N.E.2d 1380. It is settled law in Ohio that a motor vehicle operated by an employee of a corporation in the course and scope of employment is operated by and for the corporation and that an employee, under such circumstances, might reasonably be entitled to uninsured motorist coverage under a motor vehicle insurance policy issued to his employer. Id. at 213,519 N.E.2d 1380. See, also, Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541, 1999 Ohio 287, 709 N.E.2d 1161. However, an employee's activities outside the scope of employment are not of any direct consequence to the employer as a legal entity. An employer does not risk legal or financial liability from an employee's operation of a non-business-owned motor vehicle outside the scope of employment. Consequently, uninsured motorist coverage for an employee outside the scope of employment is extraneous to the general intent of a commercial auto policy."[9]
 {¶ 18} In the instant case, Whitman was not acting on behalf of the corporation when hit by the vehicle. She testified in her deposition she was traveling down the road in order to get to her place of employment. Because Whitman had not yet arrived at work, she was not within the course and scope of her employment.
 {¶ 19} Although "but for" the fact Whitman had to work she would not have been on the road, the Court in MTD[10] held that in absence of proving the risk encountered by the employee is distinctive in nature or quantitatively greater than the risk common to the public, there is no recovery under workers' compensation for an employee injured on the way to or from work. As the Court in Galatis stated, "providing uninsured motorist coverage to employees who are not at work * * * is detrimental to the policyholder's interest."[11] Accordingly, Whitman is not an insured under the policy.
 {¶ 20} In her second assigned error, Whitman contends the trial court erred by finding she was not eligible to recover under the Commercial General Liability policy issued by Travelers.
 {¶ 21} Based on the holding of Galatis, and because Whitman was not acting within the course and scope of her employment, she cannot obtain coverage under the Commercial General Liability policy issued to her employer.
 {¶ 22} Whitman's second assigned error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., CONCUR; SEAN C. GALLAGHER, J., CONCURSIN JUDGMENT ONLY.
[1] (1999), 85 Ohio St.3d 660.
[2] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[3] Id. at 192, citing Brown v. Sciotio Bd. of Commrs. (1993),87 Ohio App.3d 704.
[4] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[5] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[6] 100 Ohio St.3d 216, 2003-Ohio-5849.
[7] Id. at paragraph two of syllabus.
[8] MTD Products, Inc. v. Robatin (1991), 61 Ohio St.3d 66 at syllabus. Although MTD recognized there are exceptions when the employer has created a special hazard regarding the travel to work or the employee is within the "zone of employment" when traveling to or from work, on the facts of the instant case, these exceptions do not apply.
[9] Id. at P20.
[10] MTD at 68.
[11] Id. at 37.