DECISION AND JUDGMENT ENTRY
{¶ 1} Leslie Bartley appeals the Highland County Court of Common Pleas' decision in favor of Bagshaw Enterprises, Inc. and the Ohio Bureau of Workers' Compensation. Bartley contends that the trial court erred in granting summary judgment to Bagshaw and the Bureau on her appeal of the Industrial Commission of Ohio's determination that she is not entitled to participate in the workers' compensation fund. Because we find that Bartley's injury did not occur in the course of or arise out of her employment, we disagree. Accordingly, we overrule Bartley's assignments of error and affirm the judgment of the trial court.
 I {¶ 2} Bagshaw's home office is in Hillsboro, Ohio. Bagshaw owns various restaurants in Northern Kentucky and one in West Chester, Ohio. Bartley worked at these restaurants as a "Field Training Coach." The Northern Kentucky restaurants are located within thirty minutes of Bartley's home, the West Chester restaurant is within forty-five minutes of Bartely's home, and the Hillsboro home office is approximately 50 miles from Bartley's home. Bartley's job required her to travel on a regular basis to its restaurants. Additionally, Bagshaw required Bartley to attend a monthly management meeting at Bagshaw's Hillsboro office.
 {¶ 3} On May 13, 1999, while Bartley was driving home from a Bagshaw management meeting, she suffered an epileptic seizure. As a direct and proximate result of her seizure, she lost control of her vehicle and crashed into another vehicle. Bartley suffered a fractured femur in the accident.
 {¶ 4} Bartley filed a claim for workers' compensation benefits. The Industrial Commission of Ohio disallowed Bartley's claim, and Bartley filed a complaint in the trial court pursuant to R.C. 4123.512 seeking to establish her right to participate in the workers' compensation fund. Bartley filed a motion for summary judgment. Bagshaw and the Bureau each filed memoranda contra Bartley's motion and their own motions for summary judgment. The parties stipulated to the facts as described above.
 {¶ 5} The trial court found that Bartley's injury neither occurred in the course of her employment nor arose out of her employment. Additionally, the court found that Bartley's injury resulted from an idiopathic cause, namely, her epileptic seizure. Therefore, the court ruled that reasonable minds could only conclude that Bartley is not entitled to participate in the workers' compensation fund. The court granted the defendants' motions for summary judgment and denied Bartley's motion for summary judgment.
 {¶ 6} Bartley appeals, asserting the following assignments of error: "I. The trial court erred by granting defendants' motion for summary judgment. II. The trial court erred by denying Plaintiff's motion for summary judgment." Additionally, Bartley lists three issues that she presents for our review: (1) whether her injury occurred in the course of her employment; (2) whether her injury arose out of her employment; and (3) whether the principle of dual causation allows her to participate in the workers' compensation fund despite the idiopathic cause of her injury.
 II {¶ 7} Both of Bartley's assignments of error challenge the trial court's summary judgment determination. Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). SeeBostic v. Connor (1988), 37 Ohio St.3d 144, 146; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. FirstUnited Methodist Church (1994), 68 Ohio St.3d 531, 535.
 {¶ 8} In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences which can be drawn from it to determine if the opposing party can possibly prevail. Morehead,75 Ohio App.3d at 411-412. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One, Portsmouth, N.A. (1992),84 Ohio App.3d 806, 809.
 III {¶ 9} Every employee who is injured or contracts an occupational disease in the course of employment is entitled to receive compensation for loss sustained as a result of the disease or injury as provided for in the Ohio Revised Code. R.C.4123.54(A). For the purposes of workers' compensation, R.C.4123.01(C) defines an "injury" as "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." The Supreme Court of Ohio has "expressly recognize[d] the conjunctive nature of the coverage formula of `in the course of and arising out of' the employment." Fisher v.Mayfield (1990), 49 Ohio St.3d 275, 277. Both elements must be established for a compensable injury. Id. at 277; Stivison v.Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499.
 A {¶ 10} To determine whether an injury occurred "in the course of" employment, the court looks to the time, place and circumstances of the injury. "Such injuries must be connected with the operation of the employer's business, either on the premises or within its immediate environs; or, if the injuries are sustained elsewhere, the employee, acting within the scope of his employment, must, at the time of his injury, have been engaged in the promotion of his employer's business and in the furtherance of his affairs." Indus. Comm. v. Bateman (1933),126 Ohio St. 279, paragraph two of the syllabus. "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." MTD Products, Inc. v. Robatin
(1991), 61 Ohio St.3d 66, at syllabus. In contrast, a traveling salesperson, "while traveling for his employer, is held to be in the course of his employment wherever he may be at any time" because he or she "is continuously in the discharge of his duties when he is traveling." Heil at 606-607. See, also, Ruckman at 121.
 {¶ 11} "In determining whether an employee is a fixed-situs employee * * * the focus is on whether the employee commences his substantial employment duties only after arriving at a specific and identifiable work place designated by his employer."Ruckman at 119. Thus, even if an employee's work site changes monthly, weekly, or even daily, each particular job site may constitute a fixed place of employment. Ruckman at 120 (citingDemko v. Admr., Bur. of Workers' Comp. (Oct. 7, 1994), 11th Dist. No. 93-P-0067; Hawkins v. Connor (Aug. 12, 1983), 3rd Dist. No. 10-82-11). A fixed-situs employee's injury sustained during travel to or from the work site is compensable only "where the travel serves a function of the employer's business and creates a risk that is distinctive in nature from or quantitatively greater than risks common to the public."Ruckman at paragraph two of the syllabus.
 {¶ 12} Here, Bartley's injury occurred while she was traveling home from a regularly scheduled meeting held at her employer's home office. Thus, she was traveling from a fixed place of employment at the time of her accident. Bartley did not present any evidence tending to show that she was continuously engaged in the furtherance of Bagshaw's business during her travel to and from Bagshaw's home office. Her travel on a public highway did not create a risk to her greater than risks common to the public. Thus, Bartley did not demonstrate that she sustained her injuries in the course of her employment.
 B {¶ 13} Bartley also contends that the trial court erred in ruling that reasonable minds could not conclude that her injury arose out of her employment. Because a claimant must demonstrate that her injury occurred both in the course of her employment and arose out of her employment in order to be compensable, our conclusion that Bartley's injury did not occur in the course of her employment renders this issue moot. However, even if we found that reasonable minds could conclude that Bartley's injury occurred in the course of her employment, reasonable minds could not conclude that her injury arose out of her employment.
 {¶ 14} To determine whether an injury "arises out of" a claimant's employment, the court must consider: "(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." Lord v. Daugherty (1981), 66 Ohio St.2d 441, at syllabus. Here, Bartley's injury occurred some distance away from Bagshaw's home office. Bagshaw exercised no control over the public highway upon which the accident occurred. Finally, although Bartley's travel on the highway was necessitated by her work obligations, the accident scene is not a place where Bartley could carry on Bagshaw's business. Thus, Bagshaw did not receive any benefit from Bartley's presence at the scene of the accident. In short, reasonable minds could only conclude that Bartley's injury did not arise out of her employment.
 C {¶ 15} Finally, Bartley contends that the trial court erred in finding that the fact that her injury was the result of an idiopathic cause prevents her from recovering workers' compensation benefits. Bartley does not dispute that her epileptic seizure constitutes an idiopathic cause or that the seizure caused her accident, but she contests a finding that the seizure was the sole cause of her injury.
 {¶ 16} Regardless of whether an idiopathic cause was the sole or merely a contributing cause to Bartley's injury, the injury is not compensable unless it occurred in the course of and arose out of her employment. Thus, our finding that reasonable minds could not conclude that Bartley's injury occurred in the course of or arose out of her employment renders the issue of idiopathic causation moot. Because Bartley's injury is not compensable regardless of whether her injury was only partially due to an idiopathic cause, we decline to address the secondary issue of idiopathic causation. See App.R. 12(A)(1)(c).
 IV {¶ 17} Because no genuine issues of material fact exist, and because reasonable minds can only conclude that Bagshaw and the Bureau are entitled to judgment as a matter of law, we find that the trial court did not err in denying Bartley's motion for summary judgment and in granting Bagshaw and the Bureau's motions for summary judgment. Accordingly, we overrule Bartley's assignments of error, and affirm the judgment of the trial court.
Judgment affirmed.
Abele, J., concurs in judgment and opinion.
Evans, J., not participating.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Evans, J.: Not Participating.