JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Barbara Bodzin ("Bodzin") appeals the trial court's granting defendant-appellee Federal Insurance Company's ("Federal") motion for summary judgment. We find no merit to this appeal and affirm.
 {¶ 2} In October 1999, Bodzin was a passenger in a vehicle driven by her friend Sandra Martin, when it crashed into a cement wall along Interstate 271. The two women were on their way to Bodzin's office to drop off her payroll documents before traveling to Detroit to visit relatives. Bodzin was employed by the Meridia Home Health, nka Cleveland Clinic Health System (the "Clinic"), as a home care nurse with the job title "diabetes educator."
 {¶ 3} As a result of the accident, Bodzin filed suit in October 2001 against Martin, the Cleveland Clinic, and multiple insurance companies, including Federal. In her amended complaint, she alleged, inter alia, that because she was an employee of the Clinic and because the Clinic was a named insured under a business auto policy issued by Federal, she was entitled to uninsured/underinsured motorist ("UM/UIM") benefits by operation of law, relying upon Scott-Pontzer v. Liberty Fire Mut. Ins.Co., 85 Ohio St.3d 660, 1999-Ohio-292.
 {¶ 4} After the parties moved for summary judgment, the Ohio Supreme Court decided Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, and severely limited the scope ofScott-Pontzer by holding that "a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Consequently, the trial court granted Federal's motion for summary judgment and stated:
{¶ 5} "Having carefully considered the motions and briefs ofrecord, the court finds that plaintiff Barbara Bodzin was notacting within the scope of employment duty and was not listed asseparate insured under the employers' policy; thus, plaintiffsare not entitled to UM/UIM coverage under the policy pursuant tothe holding in Westfield Ins. Co. v. Galatis."
 {¶ 6} Bodzin appeals this ruling, raising two assignments of error.[1]
 {¶ 7} In her first assignment of error, Bodzin contends that summary judgment was improper because a genuine issue of material fact exists as to whether she was in the course and scope of her employment at the time of the accident.
 {¶ 8} We review a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment
(1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor Soccer Club,82 Ohio St.3d 367, 369-370, 1998-Ohio-389, as follows:
{¶ 9} "Pursuant to Civ.R. 56, summary judgment is appropriatewhen (1) there is no genuine issue of material fact, (2) themoving party is entitled to judgment as a matter of law, and (3)reasonable minds can come to but one conclusion and thatconclusion is adverse to the nonmoving party, said party beingentitled to have the evidence construed most strongly in hisfavor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,1995-Ohio-286, paragraph three of the syllabus. The party movingfor summary judgment bears the burden of showing that there is nogenuine issue of material fact and that it is entitled tojudgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996-Ohio-107."
 {¶ 10} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359,1992-Ohio-95.
 {¶ 11} Bodzin claims that, although she was not "on-duty" at the time of the accident, she was still "working." At her deposition, she stated that her job duties as a diabetes educator involved traveling to patients' homes and to hospitals. She further stated that, at the time of the accident, she was dropping off payroll documentation, which included the last home visit she made the previous night. Because her last patient visit was at 10:00 p.m. on Friday near her home, she chose to submit the documentation on Saturday, on her way to Detroit. Bodzin argues that because she was required to submit the documentation by Sunday morning, a material issue of genuine fact exists as to whether she was within the course and scope of her employment.
 {¶ 12} In the context of workers' compensation claims, the Ohio Supreme Court has held that travel to and from work does not constitute conduct "within the course and scope of employment."MTD Products, Inc. v. Robatin (1991), 61 Ohio St.3d 66,68.[2] Specifically, the Court explained:
 {¶ 13} "As a general rule, an employee with a fixed place ofemployment, who is injured while traveling to or from his placeof employment, is not entitled to participate in the Workers'Compensation Fund because the requisite causal connection betweenthe injury and the employment does not exist."
 {¶ 14} Id., at syllabus.
 {¶ 15} The underlying rationale supporting this rule is that employees should be compensated only for those injuries arising out of the discharge of their duties and not risks and hazards "such as those of travel to and from work over streets and highways, which are similarly encountered by the public generally." Ruckman v. Cubby Drilling, Inc., 81 Ohio St.3d 117,119, 1998-Ohio-455, quoting Indus. Comm. v. Baker (1933),127 Ohio St.3d 345, paragraph four of the syllabus. In contrast, an employee who travels as part of his or her job function, i.e., traveling salesperson, is held to be in the course of employment wherever he or she may be at any time because the person is "continuously in the discharge" of his or her duties. Bartley v.Bagshaw Enters., Highland App. No. 03CA6, 2004-Ohio-2182, quoting Industrial Com. of Ohio v. Heil (1931),123 Ohio St. 604, 607.
 {¶ 16} In Whitman v. Travelers Ins. Co., Cuyahoga App. No. 82759, 2003-Ohio-6481, at ¶ 16, this court recently held that the same logic for denying workers' compensation claims based on the "coming and going" rule applies to business automobile insurance policies. Further, other courts analyzing this issue have reached the same conclusion. See, e.g., Parks v. Rice,157 Ohio App.3d 190,2004-Ohio-2477 (refusing to find plaintiff within the course and scope of her employment for purposes of UM/UIM coverage when plaintiff was merely driving home from work); Preston v.Preston, Franklin App. No. 03AP-464, 2003-Ohio-6442.
 {¶ 17} In order for the "coming and going" rule to apply, however, the employee must have a "fixed place of employment." In analyzing whether an employee was a fixed-situs employee for purposes of this rule, the Ohio Supreme Court in Ruckman,
supra, explained:
 {¶ 18} "In determining whether an employee is a fixed-situsemployee and therefore within the coming-and-going rule, thefocus is on whether the employee commences his substantialemployment duties only after arriving at a specific andidentifiable work place designated by his employer. * * *
 {¶ 19} The focus remains the same even though the employee maybe reassigned to a different work place monthly, weekly, or evendaily. Despite periodic relocation of job sites, each particularjob site may constitute a fixed place of employment." Id. at 120(citations omitted).
 {¶ 20} However, even a fixed-situs employee may recover for an injury sustained during travel to or from work "where the travel serves a function of the employer's business and creates a risk that is distinctive in nature from or quantitatively greater than risks common to the public." Id. at paragraph two of the syllabus.
 {¶ 21} We find that Bodzin's office served as a fixed place of employment under the instant circumstances. Bodzin admitted in her deposition that she generally drove to her office prior to seeing any patients and returned to her office at the end of each day. Because Bodzin commenced her "substantial employment duties" only after arriving at the office, we hold that her commute to the office does not qualify within the course and scope of her employment. See Simerlink v. Young (1961), 172 Ohio St. 427
(finding that police officer who was required to serve in his official capacity whenever needed was not in the course and scope of his employment while driving to the police station because he typically started work only after checking into the station).
 {¶ 22} Further, at the time of the accident, Bodzin's travel to the Clinic office was not distinctly different in nature from the commute of other employees. Likewise, there was no evidence that such a commute presented a "quantitatively greater" risk than the risk common to the public. Compare Ruckman, supra (traveling to remote drilling sites was a quantitatively greater risk). In fact, there is no evidence in the record to show that Bodzin was required to travel to her office on the day the accident occurred. She was not traveling to any patient's home but was driving to her office to drop off payroll documentation before going out of town. She admitted during her deposition that she could have turned in the paperwork on Monday. (Tr. 100-101). Under the instant facts, we find that Bodzin was merely "coming to" her office and, therefore, she was not within the course and scope of her employment.
 {¶ 23} Accordingly, the first assignment of error is overruled.
 {¶ 24} In her second assignment of error, Bodzin argues that the trial court erroneously granted Federal's motion because she was not individually named as an insured. Having already found that Federal's motion for summary judgment was properly granted, we overrule this assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. Concurs; Sweeney, J. Concurs in Judgment only.
[1] Because Bodzin settled her claim with the driver and dismissed her remaining claims, this court has jurisdiction to review the trial court's grant of summary judgment. See R.C.2505.02(B)(1).
[2] This rule has exceptions, i.e., "zone of employment," "special hazard," and "totality of the circumstances," but none of those exceptions applies in this case. See Gonzalez v.Adm'r, Mahoning App. No. 03MA86, 2004-Ohio-1562.