FABER, Admr., Appellant,

v.

METALWELD, INC., Appellee.

[Cite as *Faber v. Metalweld, Inc.* (1992), 89 Ohio App.3d 794.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60983.

Decided Aug. 13, 1992.

*Jeffrey H. Friedman,* for appellant.

*Kerry Randall–Lewis* and *Jan A. Saurman,* for appellee.

PATTON, Judge.

This is an appeal from the entry of summary judgment entered by the Cuyahoga County Court of Common Pleas in favor of defendant-appellee Metalweld, Inc. ("Metalweld") on a wrongful death complaint filed by Sandra J. Faber, administrator of the estate of William Faber, deceased ("Faber"). The trial court determined that Metalweld was entitled to summary judgment because their employee, Nicholas Kaufman, was not acting within the scope of his employment at the time of the accident with decedent Faber.

Metalweld is a subcontractor involved in the painting of the Perry Nuclear Power Plant which is owned by the Cleveland Electric Illuminating Company ("CEI"). Kaufman was employed as a painter by Metalweld. As an employee of Metalweld, Kaufman was responsible for preparing and painting surfaces inside the Perry Nuclear Power Plant. The decedent was employed as a crane operator by the R.J. Frazier Company, who was also performing subcontracting work at the Perry Nuclear Power Plant.

Pursuant to the National Industrial Maintenance Agreement, the employees of all contractors working at the Perry Nuclear Power Plant were required to be present at their job site when their shifts began. In order to meet this requirement, all employees were required to arrive and check in at the facility six minutes prior to the commencement of their scheduled shift. Additionally, pursuant to the agreement, each employee was permitted to leave his job site six minutes prior to the end of the shift.

On May 5, 1985, at approximately 11:55 p.m., the decedent checked out and proceeded to his car in the employee parking lot. The decedent left the

employee parking lot and traveled down the access road toward the main gate. The access road was owned by CEI and provided the only means for employees to enter or exit the nuclear plant.

While traveling down the access road the decedent was killed in an automobile accident which occurred approximately one hundred ten feet from the main gate and public highway. The decedent was killed when his car was struck by Kaufman, who was en route to work.

On January 13, 1987, Faber filed a complaint alleging that Metalweld was vicariously liable for the negligence of its employee Kaufman. Metalweld filed a timely answer denying liability. Thereafter, Metalweld moved for summary judgment, contending that no master-servant relationship existed between Kaufman and Metalweld at the time of the accident. Faber filed a timely response to this motion, asserting that Kaufman was acting in the course and scope of his employment with Metalweld at the time of the accident. The trial court subsequently granted Metalweld's motion for summary judgment on November 20, 1990. The instant appeal followed.

On appeal, Faber raises two related assignments of error. They provide:

"I. The trial court committed reversible error by misapplying the *Boch v. New York Life Insurance Co.* [ (1964), 175 Ohio St. 458, 26 O.O.2d 47, 196 N.E.2d 90] standards for determining the factual existence of a master-servant relationship between appellee and the alleged tortfeasor, Nicholas Kaufman, for purposes of determining appellee's liability under the doctrine of *respondeat superior.*

"II. The trial court committed reversible error by refusing to apply the 'zone of employment' standard associated with workers' compensation cases as part of its determination of the existence of a master-servant relationship between appellee and the alleged tortfeasor, Nicholas Kaufman."

In the assignments of error, Faber argues that Kaufman was acting within the scope of his employment with Metalweld at the time of the accident. Thus, Faber maintains Metalweld is liable for Kaufman's negligence pursuant to the doctrine of *respondeat superior.* For the following reasons, Faber's argument lacks merit.

It is axiomatic that a motion for summary judgment shall only be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment shall not be granted unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. In reviewing a motion for summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the

opposing party. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

Moreover, upon motion for summary judgment pursuant to Civ.R. 56, the burden of establishing that the material facts are not in dispute, and that it is entitled to judgment as a matter of law, is on the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

It is well established that in order for an employee to be liable under the doctrine of *respondeat superior,* the tort of the employee must be committed within the scope of employment. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 58, 565 N.E.2d 584, 587; *Posin v. A.B.C. Motor Court Hotel* (1976), 45 Ohio St.2d 271, 278, 74 O.O.2d 427, 431–432, 344 N.E.2d 334, 340; *Rogers v. Allis–Chalmers Mfg. Co.* (1950), 153 Ohio St. 513, 526, 41 O.O. 514, 520, 92 N.E.2d 677, 683.

In *Boch v. New York Life Ins. Co.* (1964), 175 Ohio St. 458, 26 O.O.2d 47, 196 N.E.2d 90, at paragraphs one and two of the syllabus, the court held as follows:

"1.  An employer is liable for the negligence of his employee in operating the employee's own automobile only where it is established by a preponderance of the evidence

"(1) that the employer had expressly or impliedly authorized the employee to use his own automobile in doing the work he was employed to do,

"(2) that the employee was at the time of such negligence doing work that he was employed to do, and

"(3) that the employee was subject to the direction and control of the employer in the operation of the employee's automobile while using it in doing the work he was employed to do.

"2.  As a matter of law, a master is not liable for the negligence of his servant while driving to work at a fixed place of employment, where such driving involves no special benefit to the master other than the making of the servant's services available to the master at the place where they are needed."

We agree with the reasoning of the trial court and find no error in its determination that Metalweld, as a matter of law, could not be held liable for Kaufman's negligence while driving to work.  The record reveals that at the time of the accident Kaufman was driving to his fixed place of employment at the Perry Nuclear Power Plant.  The record further reveals that Kaufman's driving to work conferred no special benefit upon his employer other than to make his services available where they were needed.  Under these circumstances Metalweld may not be held liable for the negligence of its employee while driving to work. *Boch, supra.*

Faber contends that *Boch* may be distinguished from the instant case. While it is true that the accident in *Boch* did not occur on the employee's work premises, that fact is not legally significant in determining whether the employer may be held vicariously liable for the negligent acts of its employee while driving to work. Review of the *Boch* case reveals that the court focused its *respondeat superior* analysis on the nature of the employee's work and whether the act of driving rendered a specific benefit upon the employer. Under such an analysis the precise location of the accident becomes insignificant and it does not determine an employer's liability.

Faber also urges us to apply a workers' compensation zone of employment analysis to conclude that Kaufman was within the course and scope of his employment at the time of the accident. We specifically reject this contention. In *Rogers v. Allis–Chalmers Mfg. Co., supra,* the Ohio Supreme Court stated, 153 Ohio St. at 528, 41 O.O. at 521, 92 N.E.2d at 684:

" * * * Workmen's compensation recovery is based entirely upon statute and has to do with questions aside from those relating to the doctrine of *respondeat superior, i.e.,* workmen's compensation cases involve injuries arising in and out of employment and having a causal connection therewith."

We thus conclude that application of workers' compensation principles to the instant *respondeat superior* case would be misplaced.

Consistent with the foregoing, we hold that Metalweld was entitled to summary judgment as a matter of law. The appellant's first and second assignments of error are, therefore, overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

NAHRA, P.J., and ANN MCMANAMON, J., concur.