OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Nationwide Agribusiness Insurance Company [hereinafter Nationwide] appeals from the August 11, 2003, Judgment Entry of the Stark County Court of Common Pleas which granted summary judgment in favor of plaintiff-appellee Jeannette Rufo [hereinafter Rufo] and denied Nationwide's motion for summary judgment.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} The parties have stipulated to the facts in this matter. Plaintiff-appellee Jeannette Rufo was operating a motor vehicle on February 19, 2000, when she was involved in an automobile accident with a motor vehicle being operated by Karen Mcllvaine. Mcllvaine was allegedly negligent. As a result of the accident, Rufo suffered personal injuries. Rufo was driving a vehicle she owned at the time of the accident. Further, Rufo was not in the course and scope of her employment at the time of the accident.[1]
 {¶ 3} Rufo was employed as a custodian with the Alliance City School District on the day of the accident. The Alliance City School District was the named insured on a business auto coverage policy issued by appellant Nationwide.
 {¶ 4} Rufo filed a complaint in the trial court for underinsured motorists coverage against Nationwide under the business auto policy issued to the Alliance City School District. Rufo's complaint set forth a declaratory judgment claim as well as a claim for damages. Nationwide filed a timely answer and a counterclaim for declaratory judgment relief.
 {¶ 5} Subsequently, the parties filed cross motions for summary judgment. The trial court ruled in favor of Rufo and against Nationwide. In essence, the trial court ruled that there was underinsured motorist coverage provided to Rufo under the Nationwide business auto policy. Thus, it is from that decision that Nationwide appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court erred in applying Scott-Pontzer
to a school district business auto insurance policy and ruling that appellee was insured for purposes of underinsured motorist coverage under the nationwide business auto policy.
 {¶ 7} "II. The trial court erred in applying Scott-Pontzer
to policies of insurance issued to school districts and further, erred in failing to reverse Scott-Pontzer and finding that the language in the nationwide business auto policy provides um/uim coverage to appellee.
 {¶ 8} "III. The trial court erred in not ruling that the "other owned vehicle" exclusion in the nationwide business auto policy is valid and precludes appellee's ability to make an underinsured motorists claim under the nationwide business auto policy.
 {¶ 9} "IV. The trial court erred in failing to rule that appellee failed to give prompt and timely notice of the accident, her claims and the settlement she entered into with the tortfeasor's carrier and her underinsured motorist carrier precluding coverage."
 II {¶ 10} Appellee seeks underinsured motorists coverage under the Nationwide business auto policy pursuant to Scott-Pontzer v.Liberty Mutual Fire Insurance Co. (1999), 85 Ohio St.3d 660,710 N.E.2d 1380. In the second assignment of error, Nationwide argues that the trial court should have reversed Scott-Pontzer and that the Nationwide business auto policy does not provide underinsured motorist coverage to appellant. We agree that appellee is not an insured under the policy, albeit for different reasons.
 {¶ 11} We will first address appellant's argument that the trial court erred when it failed to overrule Scott-Pontzer.
This argument is without merit because a common pleas court does not have the authority to overrule a Ohio Supreme Court decision.Battig v. Forshey (1982), 7 Ohio App.3d 72, 74, 454 N.E.2d 168.
 {¶ 12} However, during the pendency of this appeal, on November 5, 2003, the Ohio Supreme Court issued its decision inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256. In Galatis, the Ohio Supreme Court limited the Scott-Pontzer decision and stated that, "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment." Id., paragraph two of the syllabus. See also In re Uninsured and Underinsured MotoristCoverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888,798 N.E.2d 1077. In the case sub judice, there is no dispute that appellee Jeanette Rufo was not in the course and scope of her employment at the time of the accident.
 {¶ 13} Thus, appellee is not entitled to underinsured coverage under the business auto policy issued by Nationwide to the Alliance City School District. Applying Galatis to the facts of this case, we find that underinsured coverage is precluded since Rufo was not in the course and scope of her employment with Alliance City Schools at the time of the accident and there is no specific language in the policy to the contrary.
 {¶ 14} Nationwide's second assignment of error is sustained.
I, III, IV
 {¶ 15} In the first assignment of error, Nationwide contends that the trial court erred in applying Scott-Pontzer to a school district business auto insurance policy and ruling that appellee was insured under that policy. In the third assignment of error, Nationwide argues that the trial court erred in not finding that the "other owned vehicle" exclusion in the Nationwide business auto policy is valid and precludes coverage to Rufo. In the fourth assignment of error, Nationwide asserts that the trial court erred when it failed to find that Rufo failed to provide prompt and timely notice of the accident, her claims and the settlement she entered into with the tortfeasor's insurance carrier and thereby precluded coverage.
 {¶ 16} Pursuant to Galatis and our holding in assignment of error II, we find that these issues are moot.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and pursuant to App. R. 12, final judgment is hereby entered in favor of appellant Nationwide Agribusiness Insurance Company.
Edwards, J., Hoffman, P.J. and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and judgment entered in favor of appellant Nationwide Agribusiness Insurance Company. Costs assessed to appellee.
[1] Rufo was on her way home from work when the accident occurred.