REESE et al. Appellants,

v.

FIDELITY & GUARANTY INS. UNDERWRITER et al., Appellees.

[Cite as *Reese v. Fid. & Guar. Ins. Underwriter*, 158 Ohio App.3d 696, 2004-Ohio-5382.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 83606.

Decided Oct. 7, 2004.

Mansour, Gavin, Gerlack & Manos Co., L.P.A., and John F. Burke III, for appellants.

Gallagher, Sharp, Fulton & Norman, Larry C. Greathouse, Janice Aitken and Timothy J. Fitzgerald, for appellees.

KARPINSKI, Judge.

{¶ 1} Plaintiffs, Robert and Renee Reese, individually and as the parents of Austin Reese, appeal from the trial court's grant of summary judgment[1] in favor of defendant, Fidelity & Guaranty Insurance Co. ("Fidelity"). On or about June

---

1. Prior to the trial court's disposition of the case on summary judgment, the case was removed to the United States District Court for the Northern District of Ohio for further proceedings (case No. 1:01CV2633). On March 28, 2002, the case was remanded to the court of common pleas.

7, 1996, Renee Reese and her son, Austin, sustained personal injuries as the result of an uninsured motorist.[2] The accident occurred when Renee was cut off by an unidentified driver.[3] Renee was driving her own car. In order to avoid a collision, she swerved and then traveled up an embankment, rolled over, and landed upside down. At the time of the accident, Renee was on her way to train her replacement at Sarcom, Inc.

{¶ 2} After the Reeses settled with their personal uninsured-motorist insurance carrier,[4] they sought uninsured-motorist ("UM") coverage from Fidelity, Sarcom's insurer. After Fidelity rejected the Reeses' claims, they filed the instant suit for declaratory judgment on the coverage issue.[5]

{¶ 3} Both parties·filed motions for summary judgment. Without opinion, the trial court granted Fidelity's motion.[6] Plaintiffs timely filed this appeal in which they present one assignment of error:

> The trial court erred in granting defendant-appellee's motion for summary judgment and denying plaintiffs-appellants' motions for summary judgment.

{¶ 4} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is appropriate when, after the reviewing court construes the evidence most strongly in favor of the nonmoving party, "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party." *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 1998-Ohio-1389, 696 N.E.2d 201; see, also, Civ.R. 56(C).

{¶ 5} In Ohio, "an insurance policy is a contract, and * * * the relationship between the insurer and the insured is purely contractual in nature." *Nationwide Mut. Ins. Co. v. Marsh* (1984), 15 Ohio St.3d 107, 109, 15 OBR 261, 472 N.E.2d 1061; *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. If the contract is clear and unambiguous, "the court need

---

2. Robert Reese, Renee's husband, seeks compensation for medical expenses and loss of consortium.

3. The tortfeasor has never been identified or located.

4. The settlement pertained to Austin Reese only.

5. Plaintiffs' amended complaint includes a claim for bad faith and a demand for arbitration, interest, and attorney fees.

6. Prior to this appeal, the trial court granted Fidelity's motion to bifurcate plaintiffs' bad-faith claim pending resolution of the coverage issue.

not concern itself with rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties." *Seringetti Constr. Co. v. Cincinnati* (1988), 51 Ohio App.3d 1, 4, 553 N.E.2d 1371.

{¶ 6} Plaintiffs argue that they are insureds under each one of three different insurance policies Fidelity issued to Sarcom. Those policies include insurance coverage for business auto, umbrella, and commercial general liability coverage.[7] We address the issue of whether plaintiffs are entitled to UM coverage under each of the policies separately.

### FIDELITY'S BUSINESS AUTO POLICY ISSUED TO SARCOM

{¶ 7} The declarations page of Fidelity's auto policy identifies the named insureds as follows:

Sarcom, Inc., J.R. Wilcox & Associates DBA: Inacomp Computer Rentals Sarcom Properties, Inc., J.J.S. Wilcox, Ltd.

{¶ 8} Three additional insureds for liability coverage are added through endorsements. These additional insureds are designated as lessors and are identified as "Fifth Third Bank of Columbus [sic]," "Associates Leasing," and "Society National Bank." Fidelity Commercial Auto Policy at Form CA 20 01 12 93(1), (2), and (3). The policy includes coverage designated as "Ohio Uninsured Motorists Coverage Bodily Injury." The named insured is identified as "Sarcom, Inc." The question of "Who Is An Insured" is answered in part as "You" and "If you are an individual, any family member." This is identical to the language construed by the Ohio Supreme Court in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116.

{¶ 9} When we apply the court's construction of "You" in *Scott–Pontzer* to the case at bar, therefore, we conclude that Renee is an insured for purposes of UM coverage under the auto policy. Moreover, Robert and Austin are also insureds as Renee's family members.

{¶ 10} Fidelity argues, however, that the additional language "add as additional insured: James R. Wilcox" changes the meaning of "You" as interpreted by the court in *Scott–Pontzer.* We disagree. First, James R. Wilcox is not designated as an additional insured in the auto policy at all. He is listed as an additional insured in the umbrella policy only. We are unpersuaded that the inclusion of James R. Wilcox's name in the umbrella policy in any way diminishes the ambiguity of "You" in the auto policy.

---

7. We reject Fidelity's argument that the three policies are actually only one policy designated by "1MP30012772904." Each of the policies offers a specific type of coverage for particular insureds under varying terms and conditions. Though each policy falls under the same number, the three nonetheless constitute separate policies with different definitions of "insured" in each one.

{¶ 11} Second, simply adding specific individuals, whether in the common policy declarations or in a separate endorsement, does not, by itself, place the policy outside the scope of *Scott–Pontzer*. In a case in which the declarations page listed two corporations and two specific individuals as the named insureds, the Sixth Appellate District explained that the inclusion of the individuals "does not remove the ambiguity created by the inclusion of corporate insureds." *Kasson v. Goodman*, Lucas App. No. L–01–1432, 2002-Ohio-3022, 2002 WL 1800997 at ¶ 28. See, also, *Burkhart v. CNA Ins. Co.*, 5th Dist. No. 2001CA00265, 2002-Ohio-903, 2002 WL 316224 (holding that although specific individuals were named insureds under the Continental policies, that fact does not cure the ambiguity created when "you" refers to the corporation as the named insured). *Hall v. Kemper Ins. Co.*, Pickaway App. No. 02CA17, 2003-Ohio-5457, 2003 WL 22336027, at ¶ 50. The inclusion of the word "You" in the UM section of the auto policy in this case remains ambiguous. Accordingly, under the authority of *Scott–Pontzer*, Renee meets the first requirement in the analysis of an insured under Fidelity's auto policy. The next question is whether the decision in *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, affects Renee's status as an insured under the auto policy. In *Galatis*, the Ohio Supreme Court limited *Scott–Pontzer* and reversed its prior decision in *Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.* (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142. *Galatis* holds:

2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (*King v. Nationwide Ins. Co.* [1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied; *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* [1999], 85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)

3. Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. (*Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.* [1999], 86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)

Id., syllabus.

{¶ 12} In order for Renee to remain an insured under the auto policy and *Galatis*, she must also show that when the accident occurred, she was an employee acting within the course and scope of her employment with Sarcom.[8]

---

8. "[A]n employee qualifies as 'you' under a policy issued to a corporation only when within the scope of employment." *Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 32.

{¶ 13} The parties disagree about whether Renee was an employee or an independent contractor at the time of the accident. Plaintiff concedes that she would not be an insured under Fidelity's policy if she were an independent contractor when the accident occurred. Even if this court construes the evidence most strongly in favor of Renee and finds that she was an employee when the collision occurred, she would still have to show she was acting within the scope of her employment.

{¶ 14} Whether employees are acting within the scope of their employment is a question of fact to be decided by the jury. *Posin v. A.B.C. Motor Court Hotel* (1976), 45 Ohio St.2d 271, 74 O.O.2d 427, 344 N.E.2d 334. Only when reasonable minds can come to but one conclusion does the issue regarding scope of employment become a question of law.

{¶ 15} It is undisputed that Renee was on her way to work for Sarcom when the accident occurred. An employee "driving to work at a fixed place of employment," however, is not acting in the course of her employment. *Boch v. New York Life Ins. Co.* (1964), 175 Ohio St. 458, 26 O.O.2d 47, 196 N.E.2d 90, at paragraph two of the syllabus. There is an exception to this general rule that requires evidence of "special benefit to the master other than the making of the servant's services available to the master at the place where they are needed." Id.; *Butler v. Baker* (1993), 90 Ohio App.3d 143, 628 N.E.2d 98; *Faber v. Metalweld, Inc.* (1992), 89 Ohio App.3d 794, 627 N.E.2d 642.

{¶ 16} There is no evidence that Renee falls under this exception. The rule of law on traveling to and from a fixed place of work applies to cases in the context of uninsured-motorist coverage,[9] respondeat superior,[10] and workers' compensation.[11] Renee was on her way to work when she was injured; therefore, she is not an insured under Fidelity's policy and is not entitled to uninsured coverage.

{¶ 17} Because Renee does not qualify as an insured under Fidelity's policy, we do not address her remaining argument that she and Austin were in a "covered auto" at the time of the accident.

## FIDELITY'S COMMERCIAL GENERAL LIABILITY

{¶ 18} The next question is whether plaintiffs are entitled to UM coverage under Fidelity's Commercial General Liability ("CGL") policy. The relevant section of Fidelity's CGL policy includes the following language:

---

9. *Rufo v. Nationwide Agribusiness Ins. Co.,* Stark App. No. 2003CA00291, 2004-Ohio-3855, 2004 WL 1619696; *Stayden v. Motorists Ins. Co.,* Clermont App. No. CA2003–05–044, 2004-Ohio-1505, 2004 WL 602280.

10. *Boch,* supra, 175 Ohio St. 458, 26 O.O.2d 47, 196 N.E.2d 90.

11. *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 572 N.E.2d 661.

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

\* \* \* Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy . . .

\* \* \*

COVERAGE A—BODILY INJURY.

This insurance does not apply to:

\* \* \*

Aircraft, Auto or Watercraft

\* \* \* This exclusion does not apply to:

\* \* \*

Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" in not owned or rented or loaned to you or the insured;

{¶ 19} Plaintiffs argue that the parking provision converts the policy into one that includes motor vehicle liability coverage and that is therefore subject to R.C. 3937.18, thus requiring Fidelity to include UM coverage. We disagree.

{¶ 20} This court has construed this provision several times and has consistently held that this one provision does not convert what is otherwise a nonmotor-vehicle insurance policy into a motor-vehicle insurance policy. See *McCullar v. Barth Indus. Co.*, Cuyahoga App. No. 82354, 2003-Ohio-4194, 2003 WL 21805803; *Ribeiro v. John Doe Ins. Cos.*, Cuyahoga App. No. 81396, 2003-Ohio-433, 2003 WL 194878; *Mazzocki v. State Farm Fire & Cas. Co.*, Cuyahoga App. No. 81274, 2003-Ohio-745, 2003 WL 360931; *Lee–Lipstreu v. Chubb Group of Ins. Cos.* (C.A.6, 2003), 329 F.3d 898; see, also, *Szekeres v. State Farm Fire & Cas. Co.*, Licking App. No. 02CA00004, 2002-Ohio-5989, 2002 WL 31439821.

{¶ 21} Because Fidelity's CGL policy is not a motor-vehicle policy, Renee is not entitled to UM coverage under it. As pointed out by Fidelity, however, the CGL policy does expressly offer coverage to employees "within the scope of their employment \* \* \* or while performing duties related to the conduct of your business."

{¶ 22} Because she has failed to show she was within the scope of employment, Renee still would not qualify for coverage even if the CGL were a motor-vehicle policy.

### FIDELITY'S COMMERCIAL UMBRELLA
### POLICY ISSUED TO SARCOM

 {¶ 23} Fidelity's Commercial Umbrella Liability policy[12] also includes a "scope of employment" provision. We have already determined that Renee is not an insured under the express language of the Business Auto or the CGL policy because she was not within the scope of her employment when the accident occurred. Accordingly, we conclude that Renee does not qualify as an insured under Fidelity's umbrella policy, either.

{¶ 24} From the foregoing, we conclude that the trial court did not err in granting summary judgment to Fidelity as a matter of law. Further, the court did not err in denying plaintiffs' motion for summary judgment.

{¶ 25} Plaintiff's sole assignment of error is overruled, and the judgment of the trial court is hereby affirmed.

Judgment accordingly.

JAMES J. SWEENEY, P.J., and KENNETH A. ROCCO, J., concur.

_____

12. {¶ a} That policy language reads as follows:
 {¶ b} Each of the following is also an insured:
 {¶ c} a. Your employees, but only for acts within the scope of their employment by you.