OPINION
{¶ 1} Defendant-appellant, Auto-Owners Ins. Co. ("Auto-Owners"), appeals the January 13, 2004 judgment of the Court of Common Pleas of Allen County, Ohio granting plaintiff-appellee Cynthia Jankovsky's motion for summary judgment. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
 {¶ 2} On January 27, 1998 Adam Wright and Mike Kirby were working late at the Allen County Recyclers Inc ("ACR"). Wright, a general manager at ACR, had stayed late to clean equipment with the help of Kirby, an ACR employee. The two men had been consuming alcohol while working after hours in violation of company policy. After completing the work, the two men closed up ACR to head for home.
 {¶ 3} Wright left ACR premises driving a pickup truck he was test-driving for the company. His father owned the company, and Wright was test-driving the truck to determine if it would suit the needs of the company. Wright first gave Kirby a ride to the residence he was staying at, and then began home himself. He testified in his deposition that he was on his way home, but that he was going to head back to ACR "just [to] drive by just to double check lights, doors . . . basic things that sometimes when you're leaving things happen you might forget." The parties disagree, and the record is inconclusive, as to the amount or type of work Wright was planning on doing upon his return to ACR that evening; Auto-Owners alleges that he was going back to work. On his way home, about one mile before he got to ACR, he rear-ended Jankovsky's vehicle.
 {¶ 4} Jankovsky filed suit against Wright and Tom Ahl Buick, the owner of the vehicle Wright was test-driving for ACR, a case which was later settled and dismissed. Auto-Owners, Jankovsky's insurance carrier, consented to the settlement and agreed to release Wright personally. Following that settlement, Jankovsky initiated the instant litigation against Auto-Owners seeking coverage under the UM/UIM provisions in her policy. As a defense to coverage, Auto-Owners argued that Wright was acting within the scope of his employment with ACR at the time of the accident and was therefore covered under ACR's insurance policies, policies that had coverage limits in excess of Jankovsky's UM/UIM coverage.
 {¶ 5} Jankovsky and Auto-Owners both filed motions for summary judgment in the trial court on the issue of whether Wright was acting within the scope of his employment at the time of the accident. In its January 13, 2004 judgment entry the trial court granted Jankovsky's motion for summary judgment, holding that Wright was acting outside his scope of employment as a matter of law. The trial court found that there was no genuine issue of fact pertaining to Wright's violation of company policy by drinking on the job, and that his intoxicated state at the time of the accident severed the employer-employee relationship. Auto-Owners appeals, asserting the following assignment of error:
The trial court erred in granting the appellee's motion for summaryjudgment, because whether an employee is acting within the scope ofemployment is a question of fact reserved to the trier of fact.
 {¶ 6} The standard of review for a grant of summary judgment is de novo. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Thus, a grant of summary judgment will be affirmed only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, summary judgment is not proper unless reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Id.; see Zivish v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-70. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmoving party. Murphyv. Reynoldsburg (1992), 65 Ohio St.3d 345, 360.
 {¶ 7} The question in the case sub judice is whether it was proper for the trial court to conclude as a matter of law that Wright was not acting within the scope of employment at the time of the accident or whether this determination was a question of fact that must be reserved to the jury. Ordinarily, determinations regarding whether someone was acting within the scope of employment are questions of fact. Posin v. A.B.C.Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271, 278; see also State exrel. Celebrezze v. Environmental Enterprises, Inc. (1990),53 Ohio St.3d 147 (Resnick, J., concurring in part and dissenting in part); Wiebold Studio, Inc. v. Old World Restorations, Inc. (1985),19 Ohio App.3d 246, 251. It is only when reasonable minds can come to but one conclusion that the issue becomes a question of law. Osborne v.Lyles (1992), 63 Ohio St.3d 326, 330; Reese v. Fidelity Guaranty Ins.Underwriter (2004), 158 Ohio App.3d 696, 2004-Ohio-5382, ¶ 14.
 {¶ 8} However, Ohio courts recognize an exception to the general rule: "as a matter of law, a master is not liable for the negligence of his servant while the latter is driving to work . . . where such driving involves no special benefit to the master other than the making of the servant's services available to the master at the place where they are needed." Boch v. New York Life Ins. Co. (1964), 175 Ohio St. 458, ¶ 2 of the syllabus (emphasis added). Under this rule, an employee is not acting within the scope of employment while driving to and from work unless there is a "special benefit" to the employer. Id.; Reese, supra at ¶ 15 — 16.
 {¶ 9} In the instant case, Auto-Owners provides no evidence of a special benefit to ACR that would take Wright outside the scope of the exception. The act of driving by work to make sure that the lights are on and the doors locked is not a special benefit "other than the making of the servant's services available to the master at the place where they are needed." Even assuming the facts as Auto-Owners allege — that Wright was on his way back to ACR to perform work for the company — that situation would be no different than the average case of an employee driving to work every day. The law in Ohio is clear: an employer is not liable for the tortuous acts of its employees on their way to and from the workplace.
 {¶ 10} Thus, the only fact that could possibly allow Wright to fall under the exception is the fact that he had taken the truck out from Tom Ahl Buick for an extended test drive. However, there is no evidence that at the time of the accident Wright was using the truck — or testing the truck — for work purposes. There is nothing in the course of his drive home that would give him any indication as to whether or not the vehicle was suitable for the needs of the company. Indeed, his intoxicated state seriously undermines the claim that he was learning anything about the vehicle in question at that particular time and place. Moreover, there is no evidence that ACR required Wright to utilize this mode of transportation to and from work. See McCluggage v. United States (1968),392 F.2d 395, 397 (noting that Boch emphasized that the "means employed" in going to and from work are usually irrelevant to the employer). Therefore, we find that Auto-Owners has not provided sufficient evidence fore reasonable minds to conclude that ACR derived a special benefit from Wright's use of the pickup truck at the time of the accident.
 {¶ 11} Accordingly, the trial court was correct to rule as a matter of law that Wright was not acting within the scope of his employment at the time of the accident. Therefore, we need not address whether Wright's violation of company policy by consuming alcohol while at work took him outside the scope of his employment as a matter of law. Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Cupp, P.J. and Bryant, J., concur.