JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Sandra L. Madison appeals from the judgment of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of appellees Buckeye Union Insurance Company n.k.a. CNA Standard Line ("Buckeye Union") and CNA Standard Line. For the reasons stated below, we affirm.
 {¶ 2} The following facts give rise to this appeal. Sandra Madison brought this action as the administratrix of the estate of Edward P. Madison, deceased, individually, and as the personal representative of the beneficiaries and next-of-kin of the decedent. Appellant is seeking to obtain insurance benefits under a policy of insurance issued to Edward Madison's employer by appellee Buckeye Union. At the time of his death, Edward was an officer employed by the Cuyahoga Metropolitan Housing Authority.
 {¶ 3} Edward died in an automobile accident on August 15, 1994. At the time of the accident, he was driving his own motorcycle westbound on St. Clair Avenue in the vicinity of East 124th Street in Cleveland. Edward was struck by an uninsured motorist. The complaint alleged that Edward was within the course and scope of his employment as a police officer, twenty-four hours a day, seven days per week.
 {¶ 4} Buckeye Union moved for summary judgment on the basis that Edward was not within the course and scope of his employment. Buckeye Union claimed that at the time of the accident Edward was not on duty or scheduled to work and was driving his personal motorcycle.
 {¶ 5} Appellant filed a cross-motion for partial summary judgment arguing that uninsured/underinsured motorist ("UM/UIM") coverage arose by operation of law, or in the alternative, that Edward was in the course and scope of employment. Appellant claimed that Edward was traveling on a direct route from his home to his post and was carrying his CMHA badge, police hat and firearm at the time of the collision. Edward also received a funeral and burial with full police honors, which at the time was reserved only for officers who were killed in the line of duty.
 {¶ 6} The trial court granted Buckeye Union's motion for summary judgment, denied appellant's cross-motion, and entered judgment in favor of all defendants. The court found that Edward was not in the course and scope of his employment with CMHA and was not entitled to UM/UIM coverage pursuant to Westfield Ins.Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849.
 {¶ 7} Appellant filed the instant appeal, raising two assignments of error for our review:
 {¶ 8} "I. The trial court erred in granting defendant-appellee's motion for summary judgment by determining that no genuine issues of material fact remained to be litigated with respect to whether Officer Madison was within the course and scope of his employment at the time of his death."
 {¶ 9} "II. The trial court erred in denying plaintiff-appellant's motion for summary judgment by applying the holding in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, to the instant case when the UM/UIM coverage at issue arose by operation of law."
 {¶ 10} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College,150 Ohio App.3d 169, 2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Department,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel.Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326.
 {¶ 11} We begin our analysis with the second assignment of error. Appellant would have us construe the decision of the Supreme Court of Ohio in Galatis, 100 Ohio St.3d 216, to have a restrictive interpretation. In Galatis, the court held that "absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at 231. In so holding, the court recognized the "general intent of a motor vehicle insurance policy issued to a corporation is to insure the corporation as a legal entity against liability arising from the use of motor vehicles. * * * [A]n employee's activities outside the scope of employment are not of any direct consequence to the employer as a legal entity. An employer does not risk legal or financial liability from an employee's operation of a non-business-owned motor vehicle outside the scope of employment. Consequently, uninsured motorist coverage for an employee outside the scope of employment is extraneous to the general intent of a commercial auto policy." Id. at 222. In this case, there is no policy language specifying an intent to insure an employee's activities outside the course and scope of employment.
 {¶ 12} Nevertheless, appellant argues that Galatis should not be applied because it did not address the Scott-Pontzer
holding that when coverage arises by operation of law, any language in the policy restricting coverage does not carry through to the UM/UIM coverage created by operation of law. We find no merit to this argument.
 {¶ 13} In support of her argument, appellant relies on the Fifth Appellate District case of Mason v. Royal (Dec. 22, 2003), Stark App. No. 2003 CA 00029. Mason involved a personal automobile policy under which the decedent was the named insured and his son was an insured family member seeking UM/UIM coverage arising by operation of law. An issue arose as to whether an "other owned auto" restriction in the liability portion of the policy applied. The court recognized that Galatis limited UM/UIM coverage under a policy with a corporate named insured to losses sustained by an employee in the course and scope of employment. However, in the context of the personal automobile policy and "other owned auto" restriction at issue, the Mason
court indicated that Galatis did not address theScott-Pontzer holding that when coverage arises by operation of law, any language in the policy restricting coverage does not carry through to the UM/UIM coverage created by operation of law.Mason, supra.
 {¶ 14} We find the Mason case is not applicable to the instant matter because it did not address the course and scope of employment issue under an employer's liability policy. It is settled law in Ohio that an employee seeking coverage under a policy issued to a corporate named insured must be acting in the course and scope of employment at the time of the accident in order to be entitled to any UM/UIM coverage. Galatis,100 Ohio St.3d 216. In finding that coverage exists for an employee under such circumstances, the Supreme Court of Ohio recognized that "a motor vehicle operated by an employee of a corporation in the course and scope of employment is operated by and for the corporation and that an employee, under such circumstances, might reasonably be entitled to uninsured motorist coverage under a motor vehicle insurance policy issued to his employer." Id. at 221, citing King v. Nationwide Ins. Co., 35 Ohio St.3d 208,213. Since an employee's activities outside the scope of employment are not of any direct consequence to the employer as a legal entity, absent specific policy language to the contrary, coverage does not extend to a loss that does not occur within the course and scope of employment. Galatis, 100 Ohio St.3d at 213,231. The court made no distinguishment as to whether UM/UIM coverage was being imposed through a policy endorsement or under operation of law. In either case, the intent and expectations of the parties are the same.
 {¶ 15} Insofar as appellant argues that Galatis involved the interpretation of a policy's uninsured motorist endorsement form and should not be applied where coverage arises by operation of law, we find no merit to this argument. Indeed, the Supreme Court of Ohio rejected a similar argument in Hopkins v. Dyer,104 Ohio St.3d 461, 465, 2004-Ohio-6769, where the court indicated: "When we applied Galatis to pending cases in this court, we did not distinguish the cases on any such basis. In reUninsured Underinsured Motorists, 100 Ohio St.3d 302,2003 Ohio 5888, 798 N.E.2d 1077. The threshold issue was whether the employee seeking coverage was acting within the course and scope of employment at the time of the accident."
 {¶ 16} Accordingly, we overrule appellant's second assignment of error and proceed to consider whether there are any genuine issues of fact as to whether Edward was within the course and scope of employment at the time of the accident.
 {¶ 17} Appellant argues that evidence was presented to support a finding that Edward was in the course and scope of employment. Appellant concedes that there are no dispatch or time cards to definitely show that Edward was dispatched or on duty at the time of his death. However, appellant refers to the affidavits of two other officers who were employed by CMHA at the time of Edward's death.
 {¶ 18} Officer Donald J. Murtaugh of CMHA stated in his affidavit that he was on duty at the time of the accident and went to the scene. He stated that Edward was carrying his firearm and badge at the time. He also stated that peace officers are required to take action, should it be deemed necessary, twenty-four hours per day, seven days per week. Officer Murtaugh opined that Edward, as a peace officer, was in the course and scope of his employment. Commander Timothy R. Cannon of the Cleveland Heights Police Department gave a similar opinion in his affidavit.
 {¶ 19} In order for an off-duty police officer to be deemed within the course of employment at the time of injury, his actions must be consistent with and logically related to his employment and his obligation as a peace officer. Further, there must be evidence to distinguish the off-duty police officer in each case from an ordinary citizen. See Smith v. City ofCleveland (Dec. 13, 2001), Cuyahoga App. No. 78889. In this case, no evidence was presented that Edward was performing any duties as a peace officer at the time of the accident.
 {¶ 20} Appellant also argues that because Edward had his hat, firearm and badge with him at the collision and received a police funeral and burial with full honors, a genuine issue of fact is created as to whether Edward was in the course and scope of employment. We find this evidence is insufficient to create a genuine issue of fact.
 {¶ 21} Here again, it is generally accepted that an employee is operating in the course and scope of employment when he is performing some obligation of that employment. See Minton v.Fidelity and Guaranty Ins. Underwriters, Inc., Miami App. No. 04CA13, 2004-Ohio-5814. Upon our review of the record, we can find no evidence that Edward was performing any police duty or responding to a police emergency. There is no evidence that he was scheduled to work. Edward was driving his personal motorcycle at the time of the accident.
 {¶ 22} Even if the evidence could be construed to establish that Edward was en route to work, it is well-settled that an employee driving to work at a fixed place of employment is generally not acting in the course and scope of employment. SeeReese v. Fidelity Guaranty Ins. Underwriter, Cuyahoga App. No. 83606, 2004-Ohio-5382; Bodzin v. Martin, Cuyahoga App. No. 84066, 2004-Ohio-5390. As stated in Habermehl v. Cincinnati Ins.Co., Ross App. No. 05CA2843, 2005-Ohio-6765, "Generally, an employee with a fixed place of employment (a `fixed situs' employee), who is injured while traveling to or from his place of employment, cannot establish that he received his injuries in the course and scope of employment. The rationale for this `coming-and-going' rule is to compensate an employee for hazards the employee encounters in the discharge of the duties of his employment, but not for risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally." (Internal citations and quotations omitted.) InSimerlink v. Young (1961), 172 Ohio St. 427, this rule was applied to an officer driving to a police station in his own automobile to report for work.
 {¶ 23} As there is insufficient evidence in this case to establish that Edward's accident and resulting death occurred within the course and scope of his employment, we find appellees were entitled to summary judgment. Appellant's assigned errors are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Anthony O. Calabrese, Jr., J.,concur.