OPINION
{¶ 1} Defendant-appellant, Ayan Farah, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to plaintiff-appellee, American National Property Casualty Company ("ANPAC"). For the following reasons, we affirm that judgment.
 {¶ 2} Defendant, Daniel J. Morgenstern, is a licensed chiropractor and the owner and sole shareholder of Daniel J. Morgenstern, D.C., Inc., d.b.a. Morning Star Chiropractic. He treats patients in an office located in Gahanna, Ohio. On Tuesday, December 16, 2003, he did not have any scheduled patients. Instead, he planned on meeting his wife at her sister's house in Victorian Village. Around 11 a.m. that day, Morgenstern drove to a restaurant for lunch. Morgenstern sat in the restaurant's parking lot for an hour, eating his lunch and talking on his cell phone to his accountant.
 {¶ 3} Morgenstern then headed to his sister-in-law's house. On the way, he stopped at a grocery store on the corner of West Fifth Avenue and North Fourth Street in Columbus. While he was still in the store's parking lot, his lunch began to "weigh a little heavily" on his stomach. Morgenstern decided to go to his office to take some nutrients for his stomach and do "whatever I had to do when I got there."[1] As Morgenstern exited the parking lot onto West Fifth Avenue, he collided with appellant's car. Appellant was seriously injured as a result of the collision. Appellant sued Morgenstern and his company, alleging that Morgenstern's negligence caused her injuries and that his company was vicariously liable for that negligence.
 {¶ 4} At the time of the accident, Morgenstern maintained two insurance policies with ANPAC: a personal automobile policy insuring Morgenstern and his wife, and a commercial policy insuring his company. The personal automobile policy contained liability limits of $250,000 while the commercial policy contained liability limits of $1,000,000. At the time of the accident, Morgenstern was driving a car leased by his company.
 {¶ 5} ANPAC filed the instant declaratory judgment action to resolve the insurance coverage dispute that arose following the accident. ANPAC conceded that Morgenstern's personal automobile policy provided appellant with coverage. ANPAC claimed, however, that its commercial policy did not provide coverage because the policy's language limited coverage to bodily injury "arising out of the maintenance or use of a `hired auto' by you or your `employees' in the course of your business." ANPAC subsequently filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law because Morgenstern was not in the course of his company's business at the time of the accident. The trial court agreed and entered judgment in favor of ANPAC.
 {¶ 6} Appellant appeals and assigns the following errors:
I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY CONCLUDING DEFENDANT MORGENSTERN WAS A FIXED SITE EMPLOYEE.
II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY CONCLUDING THAT DEFENDANT MORGENSTERN WAS NOT IN THE COURSE OF BUSINESS AT THE TIME OF THE ACCIDENT.
 {¶ 7} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel.Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181,183.
 {¶ 8} Appellant's two assignments of error are interrelated and will be addressed together. Morgenstern's commercial policy provides coverage for bodily injury arising from the use of a hired auto[2] in the course of his company's business. At the time of the accident, Morgenstern was driving to his office in Gahanna. Thus, the ultimate question in this case is whether or not Morgenstern was in the course of his company's business when he collided with appellant. Appellant contends the trial court erred when it found that Morgenstern was not in the course of his company's business at the time of the accident. We disagree.
 {¶ 9} Many courts have analyzed whether an employee is acting within the course of his or her employment in the context of a workers' compensation claim. Injuries must be suffered in the course of an employee's employment to constitute a compensable injury under Ohio's workers' compensation scheme. R.C.4123.01(C); Ruckman v. Cubby Drilling, Inc. (1998),81 Ohio St.3d 117, 119. Therefore, when an employee is injured on the way to work or on the way home from work, courts have had to determine whether or not the injury occurred in the course of the employee's employment to adjudicate the employee's workers' compensation claim. In this context, courts have applied the so called "coming and going" rule. Id.
 {¶ 10} Under the coming and going rule, an injury does not arise in the course of employment where an employee with a fixed place of employment is injured while traveling to or from that place of employment. Id. at 119. The rationale for this rule is that employees should be entitled to compensation from the workers' compensation fund only for injuries resulting from hazards encountered in the discharge of the employee's employment duties, not those hazards or risks that are similarly encountered by the public generally, such as travel to and from the place of employment on the public streets and highways. Id.
 {¶ 11} In determining whether an employee has a fixed place of employment, and therefore is subject to the coming and going rule, courts have focused on when and where the employee commences his substantial employment duties. Id. If an employee commences substantial employment duties only after arriving at a specific and identifiable work place designated by the employer, the employee has a fixed place of employment and the coming and going rule applies. Id.
 {¶ 12} Although the coming and going rule arose in the workers' compensation context, many courts, including this one, have applied the rule in other contexts, most notably to determine whether injuries arose in the course of employment for purposes of uninsured motorists insurance coverage. SeeCincinnati Ins. Co. v. Lohri, Franklin App. No. 05AP-94, 2005-Ohio-5167, at ¶ 18; Bodzin v. Martin, Cuyahoga App. No. 84066, 2004-Ohio-5390, at ¶ 16; Habermehl v. The Cincinnati Ins.Co., Ross App. No. 05CA2843, 2005-Ohio-6765, at ¶ 15; Flynn v.Westfield Ins. Co., Hamilton App. No. C-050909, 2006-Ohio-3719, at ¶ 43; Minton v. Fidelity Guaranty Ins. Underwriters, Inc., Miami App. No. 04CA13, 2004-Ohio-5814, at ¶ 13.
 {¶ 13} In the case at bar, the trial court found that Morgenstern has a fixed placed of employment. Therefore, the trial court applied the coming and going rule and determined that Morgenstern was not in the course of his company's business at the time of the accident. Consequently, there was no coverage under his company's commercial policy. We agree.
 {¶ 14} Morgenstern testified in his deposition that he is a chiropractor who practices applied kinesiology to treat patients for his company. He testified that the only office in which he sees patients is the Gahanna office. He treats patients in that office four days a week. The other days of the week, he runs the office, a general description that includes doing paperwork, paying bills, studying and dealing with his accountant. He testified that some of the paperwork involves filling out fee slips and writing reports, work he performs in the Gahanna office. Sometimes he does paperwork at his home. He treats patients in their homes from time to time, although he did not treat any patients in their homes in December 2003. He sells nutrients out of his office and occasionally delivers nutrients to patients' homes. Finally, he stated that he listens to audiotape recordings of lecture notes in his car.
 {¶ 15} Morgenstern's Gahanna office is a fixed place of employment. Morgenstern treats patients at the office four days per week and otherwise runs the office. These are his substantial employment duties and they are done after he arrives at the office. Morgenstern points to aspects of his employment that he occasionally performs outside of the Gahanna office, such as taking paperwork home, listening to audiotapes in the car, or making home visits. However, his employment does not require him to do those things at home and the fact that he occasionally performs these duties outside of the office does not change the status of his Gahanna office as a fixed place of employment. SeeHughes v. Hughes Ents., Inc. (Dec. 14, 2000), Paulding App. No. 11-2000-11 (finding that chiropractor had fixed place of employment, notwithstanding occasional home treatments for patients and paperwork done at home). Because Morgenstern's Gahanna office is a fixed place of employment, the coming and going rule applies. Under that rule, Morgenstern was not in the course of his company's business at the time of the accident.
 {¶ 16} Appellant cites Siegen v. Craig Indus. Prods. (Apr. 4, 1985), Cuyahoga App. No. 48507, in arguing that the coming and going rule should not apply. However, appellant's reliance onSiegen is misplaced. In Siegen, it was undisputed that the plaintiff, a sales representative, did not have a fixed place of employment. Therefore, the coming and going rule was inapplicable. In the case at bar, Morgenstern has a fixed place of employment.
 {¶ 17} Appellant also argues that even if Morgenstern was a fixed site employee and subject to the coming and going rule, he can avoid the application of the rule by demonstrating that he was otherwise in the course of his company's business. SeeRuckman, at 120. However, the undisputed facts here do not support appellant's argument.
 {¶ 18} Whether an employee is acting within the course of their employment is generally a question of fact to be decided by the jury. Reese v. Fid. Guar. Ins. Underwriter,158 Ohio App.3d 696, 2004-Ohio-5382, at ¶ 14; Lohri, supra, at ¶ 22. However, the issue becomes a question of law if reasonable minds can come to only one conclusion. Id. (affirming summary judgment finding that employee was not acting within scope of employment);Houston v. Liberty Mut. Fire Ins. Co., Lucas App. No. L-04-1161, 2005-Ohio-4177, at ¶ 43.
 {¶ 19} Appellant contends that Morgenstern was otherwise in the course of his business at the time of the accident because he was listening to audiotapes of his lecture notes[3] as he drove, an activity consistent with his employment and logically related to his business. See Kohlmayer v. Keller (1970), 24 Ohio St.2d 10, 12. We disagree.
 {¶ 20} "In the normal context, an employee's commute to a fixed work site bears no meaningful relation to his employment contract and serves no purpose of the employer's business."Ruckman, at 121. We recognize that in some circumstances, travel may be part of the course of employment where an employee is driving to the premises of a customer to perform company business. Under such circumstances, the employee is engaged in the promotion and furtherance of the employer's business. Id. In this case, however, Morgenstern was not driving to a patient's house when he collided with appellant. He was driving to his office primarily because he did not feel well. Simply because he was listening to an audiotape of his lecture notes at the time of the accident does not change the fundamental character of the drive to his office. Cf. Clicker v. Lowell (Mass. 1996), 663 N.E.2d 852, 856 (act of responding to page with company cell phone not sufficient to make driving to work within course of employment). Listening to his tapes was an activity only incidentally related to his business and neither necessary to, or required by, his employment. See Ruckman, at 121 (riggers within course of employment when traveling to customer's premise because nature of business requires drilling be done at customer premises). Given these undisputed facts, reasonable minds could only conclude that Morgenstern was not in the course of his company's business at the time he collided with appellant.
 {¶ 21} In conclusion, Morgenstern was driving to his Gahanna office at the time of the accident. That office was a fixed place of employment for Morgenstern. Thus, under the coming and going rule, he was not in the course of his company's business when he collided with appellant. Nor was Morgenstern otherwise in the course of his company's business. Accordingly, ANPAC's commercial policy does not provide Morgenstern with coverage. Appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed. Our disposition of appellant's assignments of error renders ANPAC's cross-assignments of error moot.
Judgment affirmed.
French and Travis, JJ., concur.
[1] Morgenstern explained in his deposition that "[t]here was always a stack of [paperwork] from the day before that would be lying around."
[2] Neither party disputes that Morgenstern's car was a hired auto for purposes of the commercial insurance policy.
[3] Although Morgenstern could not positively testify that his audiotapes were on at the time of the accident, when viewing his deposition testimony in a light most favorable to appellant, we assume that the tapes were playing at that time.